UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PINELLAS FEDERAL CREDIT UNION,**
a Credit Union,

    **Plaintiff,**

v.                                           Case No. 8:12-cv-14-T-30MAP

**LINDA REYNOLDS, an individual,**

    **Defendant.**
_____/

**LINDA REYNOLDS, an individual,**

    **Counterclaim Plaintiff,**

**v.**

**PINELLAS FEDERAL CREDIT UNION,**
a Credit Union, et al.,

    **Counterclaim Defendants.**
_____ /

## **ORDER**

THIS CAUSE comes before the Court upon Counterclaim Defendants' Motion to Dismiss (Dkt. 24) and Counterclaim Plaintiff's Response in opposition (Dkt. 25). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted in part and denied in part.

**BACKGROUND**

Counterclaim Plaintiff Linda Reynolds alleges that Counterclaim Defendant Pinellas Federal Credit Union ("PFCU") hired her as its President and Chief Executive Officer and ultimately terminated her, "without any warning and in violation of Board policy." (Dkt. 3). Immediately thereafter, PFCU, acting through Counterclaim Defendants Bowman, Carroll, Clark, Johnson, Nelson, Petty, Scales, Stees and Thomas, froze all of Reynolds' PFCU accounts, including her wages, military retirement pay and savings.

On November 9, 2011, Reynolds' counsel sent PFCU a civil theft notice and demand for payment of treble damages (Dkt. 3, Ex. A thereto). On November 28, 2011, PFCU's counsel responded that PFCU froze Reynolds' accounts because it had a reasonable belief that she misappropriated credit union funds.

In addition to freezing her accounts, Reynolds alleges that Counterclaim Defendants withheld and continue to withhold her final paycheck and continue to deny her access to her accounts. She also alleges that PFCU used her frozen funds to pay itself on certain loans between Reynolds and PFCU.

Reynolds' counterclaims against Counterclaim Defendants are for: violation of the Fair Labor Standards Act ("FLSA") against PFCU (Count I) and the individual Counterclaim Defendants (Count II); violation of the Expedited Funds Availability Act ("EFAA") against PFCU (Count III); violation of 12 CFR Part 229 ("Regulation CC") against PFCU (Count IV); civil theft against PFCU (Count V); and conversion against PFCU (Count VI).

## MOTION TO DISMISS STANDARD OF REVIEW

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

### I. Counterclaim Plaintiff's FLSA Claims

Counterclaim Defendants move for dismissal of Counterclaim Plaintiff's FLSA claims, with prejudice, because Counterclaim Plaintiff, as PFCU's former President and CEO, i.e., an executive, was an exempt employee not subject to the specific statutes of which she alleges a violation.

Counterclaim Plaintiff responds that whether she was exempt under the FLSA is a factual issue, one that is inappropriate at the motion to dismiss stage. The Court agrees. Although common sense suggests that a President and CEO of a credit union would be an "exempt" employee for purposes of the FLSA, this issue is highly factual and cannot be determined at this stage.

However, the Court concludes that Counterclaim Plaintiff's FLSA claims should be dismissed without prejudice for failing to include any allegations of how PFCU's refusal to release her final paycheck is a violation of the FLSA. In other words, although Counterclaim Plaintiff's general allegations include that Counterclaim Defendants withheld and have continued to withhold her final paycheck, it is entirely unclear how this fact relates to a violation of the FLSA. For example, Counterclaim Plaintiff does not allege that the FLSA's minimum wage provisions were violated or that she is entitled to overtime under the FLSA (both violations which would seem dubious to this Court given Counterclaim Plaintiff's former title as President and CEO).

Simply put, Counterclaim Plaintiff's failure to include any allegations of <u>how</u> Counterclaim Defendants' actions, even if assumed to be true, violated <u>the FLSA</u> subjects these claims to dismissal, without prejudice. As stated above, absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

Accordingly, Counts I and II are dismissed without prejudice.

**II.     Counterclaim Plaintiff's Claims under the EFAA and Regulation CC**

PFCU moves for dismissal, with prejudice, of Counterclaim Plaintiff's claims under the EFAA and Regulation CC because the allegations fail to identify the actual sections of the Act and/or its corresponding regulations that she contends PFCU violated. Specifically, PFCU contends that, other than alleging that PFCU froze her accounts and denied her access to those accounts, Plaintiff does not allege how these actions violate the EFAA and Regulation CC.

The Court agrees that Counterclaim Plaintiff's allegations are deficient under *Iqbal*. Like the FLSA claims, these claims do not identify how PFCU's actions violated the EFAA and Regulation CC. Indeed, Counterclaim Plaintiff does not even allege which provisions of the Act/Regulation were allegedly violated.

In her response, Counterclaim Plaintiff contends that "a quick reading of the EFAA makes it plain which provision is involved here," which ignores her obligation to provide the

grounds of her alleged entitlement to relief, i.e., mere labels, conclusions, and a formulaic recitation of the purported elements of a cause of action are insufficient.[1]

Accordingly, Counts III and IV are dismissed, without prejudice.

### III. Counterclaim Plaintiff's Civil Theft and Conversion Claims

Finally, PFCU moves to dismiss Counterclaim Plaintiff's civil theft and conversion claims, with prejudice, because she does not allege "felonious intent," with respect to the civil theft claim, and title/ownership to the monies in the accounts, with respect to both claims.

PFCU's arguments are without merit at this stage because, as Counterclaim Plaintiff points out in her response, Florida law does not require the pleading of an element of felonious intent in order to state a civil theft claim. The Court notes, however, that if Counterclaim Plaintiff's claim ultimately fails, PFCU will be entitled to recover reasonable attorneys' fees and costs, upon a finding that the claim was without substantial fact or legal support. *See* Fla. Stat. § 772.11.

Also, Counterclaim Plaintiff sufficiently pled that she owns property capable of being the subject of conversion and civil theft. She alleges that her final paycheck was withheld and she was denied access to military retirement benefits she receives on a monthly basis. She alleges that these amounts were deposited into her accounts with PFCU and the accounts

---

[1] Although the Court agrees with Counterclaim Plaintiff that setting forth PFCU's purported reason for the freezing, i.e., that PFCU had a reasonable belief that she misappropriated its funds, does not affirmatively plead herself outside the statute.

were frozen. Finally, her allegations identify specific funds. PFCU's arguments to the contrary are more appropriate on a motion for summary judgment.

Accordingly, PFCU's motion to dismiss Counterclaim Plaintiff's civil theft and conversion claims (Counts V and VI) is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Counterclaim Defendants' Motion to Dismiss (Dkt. 24) is granted in part and denied in part as stated above.

2. Counts I - IV of Counterclaim Plaintiff's counterclaim against Counterclaim Defendants are dismissed without prejudice. Counterclaim Plaintiff shall have twenty (20) days to amend these claims.

**DONE** and **ORDERED** in Tampa, Florida on March 29, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-14.mtdismiss24.frm